

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00437-CR

BRIANE MOSS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-408,577, Honorable William R. Eichman II, Presiding

August 6, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Briane Moss, appeals the trial court's judgment revoking her deferred adjudication community supervision and adjudicating her guilty of the offense of evading arrest using a vehicle.[1]  The trial court sentenced appellant to ten years' confinement, but suspended the sentence in favor of community supervision for five years.  We abate the appeal and remand the cause to the trial court for further proceedings.

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016).

We previously remanded this cause to the trial court on June 25, 2019, after appellant's retained counsel, Mr. Charles Blevins, failed to timely file an appellate brief. Upon remand, the trial court was to determine, among other things: (1) whether appellant still desired to prosecute the appeal; (2) whether appellant's counsel had abandoned the appeal; (3) whether appellant was denied the effective assistance of counsel; and (4) whether appellant is indigent and entitled to the appointment of new counsel. After a hearing on the matter on July 24, 2019, the trial court entered findings of fact and conclusions of law. The trial court concluded that appellant still desired to prosecute the appeal, that her counsel had not abandoned the appeal, and that she had not been denied the effective assistance of counsel. The trial court permitted Mr. Blevins to continue to represent appellant on appeal and directed him to file appellant's brief by July 26, 2019.

The appeal was subsequently reinstated on the Court's docket. By letter of July 25, 2019, the clerk of this Court notified Mr. Blevins that appellant's brief was due on July 26. However, to date, counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court is directed to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether appellant's counsel has abandoned the appeal;

4. whether appellant has been denied the effective assistance of counsel; and

5. whether new counsel should be appointed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 5, 2019. If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint her new counsel; the name, address, email address, phone number, and state bar number of any newly-appointed counsel shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before September 5, 2019.

It is so ordered.

Per Curiam

Do not publish.